UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

G.J. McELROY, a Minor, by             No. 2:07-cv-00086-MCE-EFB
and through his Parents and
Guardians ad litem, GEORGE
McELROY and GIA McELROY,

      Plaintiffs,

    v.                                MEMORANDUM AND ORDER

TRACY UNIFIED SCHOOL DISTRICT,
et al.,

      Defendants.

----oo0oo----

    Plaintiffs G.J. McElroy ("G.J."), a minor, along with his parents George and Gia McElroy (collectively "Plaintiffs"), bring this action against sixteen named defendants for claims arising under 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act or 1973, the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12132, and state law claims of assault and battery, negligence, and intentional infliction of emotional distress.

///

1

Presently before the Court are three different Motions to Dismiss brought on behalf of private entity Defendants in this matter, including Applied Behavior Consultants ("ABC"), Michelle Max ("Max"), Valley Mountain Regional Center ("VMRC"), and Kristi Miklusicak ("Miklusicak") (hereinafter referred to as "Private Defendants" unless otherwise specified.).  Because they raise similar arguments, the Private Defendants' Motions will be considered collectively below, with any difference between the three Motions noted as necessary.

**BACKGROUND**

According to Plaintiffs' Complaint, Defendants provided G.J., an eight year-old boy with Landau Kleffner's Syndrome,[1] educational care between 2002 and 2007 related to his special needs.  Initially, the educational care was provided by various Defendants at G.J.'s residence.  Plaintiffs claim that the home providers furnishing these services improperly grabbed, held, restrained and isolated G.J. during the special education sessions they provided.

 G.J. eventually enrolled in public school for the 2005-2006 academic year, and was placed in the first grade at an elementary school within the boundaries of Defendant Tracy Unified School District.

///

---

[1] Defendants mistakenly believed that G.J. suffered from autism.  Doctors have since diagnosed him with Landau Kleffner's Syndrome which results from "unbridled electrical activity" in the frontal lobe of the brain.

Plaintiffs allege that in March of 2006, G.J. was removed from his classroom and placed in a tent located within a barricaded portion of the school cafeteria.  Defendants claimed the tent provided G.J. with a needed "soothing sensory environment."  The following month, after discovering what had transpired in this regard, G.J.'s parents removed him from public school and sought injunctive relief.  G.J. did not thereafter return to school, and received no further services from Defendants.

On January 14, 2007, Plaintiffs filed a Complaint with this Court, and on June 8, 2007 the action was stayed until Plaintiffs exhausted their administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").  Approximately one month later, on July 6, 2007, Plaintiffs and Defendant Tracy Unified School District completed the administrative remedies available under the IDEA.  Plaintiffs then filed a First Amended Complaint ("FAC") with this Court on April 14, 2008.  The FAC contains seven causes of action for violation of 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), in addition to state law claims alleging assault and battery, negligence, and intentional infliction of emotional distress.

///

///

///

///

///

///

3

1    In the FAC, Plaintiffs name numerous Defendants, including

2 both private and public entities.[2]  Defendants  Max, ABC, VMRC,

3 and Miklusicak are all private entities, and bring similar

4 Motions to Dismiss Plaintiffs' FAC pursuant to Federal Rules of

5 Civil Procedure 12(b)(1) and 12(b)(6),[3] alleging both that

6 Plaintiffs cannot state viable claims against them and have not

7 in any event exhausted certain administrative remedies that must

8 be exhausted before jurisdiction is conferred upon this Court.

9 All three Motions also request that certain portions of

10 Plaintiffs' Complaint be stricken under Rule 12(f) as improper.

11 Finally, the Max/ABC and Miklusicak Motions also request

12 dismissal under Rule 41(b) on grounds that Plaintiffs have failed

13 to timely prosecute their lawsuit.

14

15                          **STANDARD**

16    **A.    Rule 12(b)(1)**

17

18    In moving to dismiss for lack of subject matter jurisdiction

19 pursuant to Rule 12 (b)(1), the challenging party may either make

20 a "facial attack" on the allegations of jurisdiction contained in

21 the complaint or can instead take issue with subject matter

22 jurisdiction on a factual basis ("factual attack").

23 *///*

24 *///*

25

26    [2] This Memorandum and Order is limited to the challenges
mounted to the FAC by the Private Defendants.
27

28    [3] Unless otherwise noted, all further references to "Rule"
or "Rules" are to the Federal Rules of Civil Procedure.

                              4

Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d
730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan
Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion
constitutes a facial attack, the Court must consider the factual
allegations of the complaint to be true.  Williamson v. Tucker,
645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.
If the motion constitutes a factual attack, however, "no
presumptive truthfulness attaches to plaintiff's allegations, and
the existence of disputed material facts will not preclude the
trial court from evaluating for itself the merits of
jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting
Mortensen, 549 F.2d at 891).


     **B.   Rule 12(b)(6)**


     On a motion to dismiss for failure to state a claim under
Rule 12(b)(6), all allegations of material fact must be accepted
as true and construed in the light most favorable to the
nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)
requires only "a short and plain statement of the claim showing
that the pleader is entitled to relief," in order to "give the
defendant fair notice of what the . . . claim is and the grounds
upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.
Ct. 99, 2 L. Ed. 2d 80 (1957).
///
///
///

5

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

///

///

///

///

///

6

**C.   Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994))(internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

**D.   Rule 41(b)**

Under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute. In determining whether to dismiss a case for lack of prosecution, this Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants from undue delay; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.
///

In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

**ANALYSIS**

**A.    Section 1983 Claim**

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must "demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law."  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003)(citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Generally, private entities such as the moving Defendants herein are not liable under § 1983 unless they act under color of state law.  In determining whether a private entity has acted under color of state law, the Supreme Court has articulated four distinct tests:  the "nexus" test, the "symbiotic relationship" test, the "joint action" test, and the "public function" test.  See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 296.  In the present case, Plaintiffs argue that Private Defendants are liable under both the joint action test and the nexus test.  The Court will consider both tests in turn.[4]

---

[4] Defendant VMRC ask that this Court take judicial notice of its incorporation papers indicating that it is a private entity. Plaintiffs have not opposed that request.  Pursuant to Fed. R. Evid. 201, VMRC's request for judicial notice is granted. Similarly, Defendant Miklusicak also requests judicial notice as to her private employment status, a request also not opposed and therefore granted.  In fact, Plaintiffs have not disputed the private status of any of the moving Defendants herein.

1        **1.    Joint Action**

2

3        Liability under the joint action test arises when "the state
4   has so far insinuated itself into a position of interdependence
5   with the private entity that it must be recognized as a joint
6   participant in the challenged activity.  This occurs when the
7   state knowingly accepts the benefits derived from
8   unconstitutional behavior."  <u>Parks Sch. of Bus., Inc. v.</u>
9   <u>Symington</u>, 51 F.3d 1480, 1486 (9th Cir. 1995).  Allegations of a
10  conspiracy or substantial cooperation between actors is
11  sufficient to show this interdependence.  <u>Brunette v. Humane Soc.</u>
12  <u>of Ventura County</u>, 294 F.3d 1205, 1211.  However, simply acting
13  like a governmental entity is not sufficient to confer liability
14  on a private entity when benefits do not flow directly to the
15  State.  <u>Symington</u>, 51 F.3d at 1486.

16       Plaintiffs do not state a cause of action for violation of
17  § 1983 against the Private Defendants under the joint action test
18  because the FAC contains only an unsubstantiated statement that
19  policies of "Defendants and each of them constitute[d] deliberate
20  and willful indifference" toward G.J.  FAC, p.15-16.  Without
21  more, this allegation does not rise to a level of interdependence
22  necessary to trigger § 1983 liability on a joint action theory.

23       Additionally, Plaintiffs have also failed to adequately
24  plead conspiracy as a basis for § 1983 liability predicated on
25  joint action.  "To state a cause of action for conspiracy, the
26  complaint must allege (1) the formation and operation of the
27  conspiracy, (2) the wrongful act or acts done pursuant thereto,
28  and (3) the damage resulting from such act or acts."

9

Chicago Title Ins. Co. v. Great W. Fin. Corp., 69 Cal. 2d 305, 316, 444 P.2d 481, 488 (Cal. 1968).  However, "the existence of a conspiracy may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances." In re Sunset Bay Assoc., 944 F.2d 1503, 1517 (9th Cir. 1991).  Plaintiff's FAC alleges that "[d]efendants and each of them conspired and agreed to [conduct wrongful acts]."  FAC, ¶ 15, emphasis added.  In the absence of any supporting facts, this allegation is insufficient to uphold actionable conspiracy.  Plaintiffs accordingly have failed to plead facts sufficient to allege a joint action under § 1983 against the Private Defendants.

### 2.    Nexus

A private individual may also act under the color of state law if "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Brentwood, 531 U.S. at 295.  Private individuals who contract with the state to provide a state service may be state actors for purposes of § 1983 liability.  See West v. Atkins, 487 U.S. 42 (1988) (holding private physician under contract with state to provide inmates with care is state actor).  Plaintiffs cite West and argue that there is a nexus between Defendants and the State for the same reasons that there is a joint action.

///

///

10

1  While the FAC generally states that Defendants contracted with

2  each other (see FAC, ¶¶ 25, 29, 32), it contains no specific

3  allegations of contracts between the State and the Private

4  Defendants.  As currently pled, the FAC is just as insufficient

5  in stating a viable nexus test for purposes of § 1983 liability

6  as it was under the joint action criteria discussed above.

7      In sum, because Plaintiffs have not stated facts from which

8  a § 1983 claim can be established against the Private Defendants,

9  the Motions to Dismiss Plaintiffs' Third Claim, for violation of

10  42 U.S.C. § 1983 against the Private Defendants, will be granted.[5]

11

12  **B.   Section 504 Claim**

13

14      Section 504 of the Rehabilitation Act of 1973 ("§ 504")

15  prohibits discrimination based on disability by "any program or

16  activity receiving Federal financial assistance."  29 U.S.C.

17  § 794(a). In deciding Private Defendants' Motions to Dismiss

18  Plaintiffs' Fifth Claim, which alleges a § 504 violation, the Court

19  will first determine if it has subject matter jurisdiction over

20  the claim and then determine whether it has been adequately pled.

21      Defendants argue that Plaintiff did not exhaust his

22  administrative remedies under the Individuals with Disabilities

23  Education Act ("IDEA") prior to filing suit, and that this Court

24  accordingly lacks subject matter jurisdiction over the § 504 Claim.

25

26  _____

        [5] Section 1988 allows a prevailing party under one of
    several federal civil rights statutes, including § 1983, to
    recover attorney fees.  42 U.S.C. § 1988(b). However, Plaintiff's

27  Fourth Claim purportedly arises under § 1988, and must be dismissed
    because § 1988 does not independently create a federal cause of

28  action.  Moore v. Alameda County, 411 U.S. 693, 702 n.17 (1973).

1  Plaintiffs counter that the relief sought in the FAC cannot be
2  remedied under the IDEA.

3      Under the IDEA, a plaintiff is required to exhaust
4  administrative remedies before bringing a civil action under
5  either § 504 or the ADA.  28 U.S.C. § 1415(l).  It is well
6  established that a plaintiff may not circumvent this exhaustion
7  requirement by tailoring the complaint to exclude specific relief
8  available under the IDEA.  Robb v. Bethel School Dist. No. 403,
9  308 F.3d 1047, 1049 (9th Cir. 2002).  However, the IDEA is only
10  applicable to a "State educational agency, State agency, or local
11  educational agency."  28 U.S.C. § 1415(a).  None of the Private
12  Defendants are state agencies or local educational agencies, or
13  educational service agencies for the purpose of this statute.
14  See Koehler v. Juniata County Sch. Dist., 2008 WL 1787632, *5
15  (M.D. Pa. 2008) (discussing relevant agencies liable under IDEA);
16  see also St. Johnsbury Acad. v. D.H., 240 F.3d 163, 171 (2d Cir.
17  2001) (holding that IDEA does not create liability for private
18  entities); Ullmo v. Gilmour Acad., 273 F.3d 671, 679 (6th Cir.
19  2001) (same).  Accordingly, because the Private Defendants are
20  not subject to either the IDEA or its exhaustion requirements,
21  Private Defendants' argument that the Court lacks subject matter
22  jurisdiction on that basis fails.

23      It therefore becomes necessary to determine whether, apart
24  from the above enumerated procedural considerations, a substantive
25  § 504 claim can be asserted against the Private Defendants.  "By
26  its terms § 504 limits its coverage to the program or activity
27  that receiv[es] federal financial assistance."  U.S. Dept. of
28  Transp. v. Paralyzed Veterans of America, 477 U.S. 597 (1986).

1  According to Plaintiffs, the FAC's allegation that "[d]efendants
2  and each of them received federal funds to assist in the operation
3  of special education programs..." sufficiently alleges this
4  element of a cause of action under § 504.  Pl.'s Opp'n to Mot. to
5  Dismiss, p. 10.  Although a complaint need not contain detailed
6  factual allegations, it does have to do more than formulaically
7  recite, in conclusory fashion, the elements of a cause of action
8  under § 504.  In this case, Plaintiff's FAC does not include
9  allegations of facts as to any public funding received by the
10 Private Defendants.  Broad allegations that all Defendants
11 received public funding, without more, cannot support a cause of
12 action under Section 504.[6]  Therefore, the Motion to Dismiss
13 Plaintiffs' Fifth Cause of Action against Private Defendants will
14 be granted pursuant to Rule 12(b)(6).

15

16     **C.   ADA Claim**

17

18     Plaintiffs name one Private Defendant, the VMRC, in the
19 FAC's ADA Claim.
20 ///
21 ///
22 ///

23

24     [6] Although this Court need not decide the issue at this
25 juncture, it is not likely that a cause of action under § 504 of
   the Rehabilitation Act can stand against the individual private
26 plaintiffs in any event.  Campos v. San Francisco State
   University, 1999 WL 1201809, *10 (N.D.Cal. 1999).  See Menes v.
27 Cuny University of New York, 92 F. Supp. 2d 294 (S.D.N.Y. 2000)
   (citing 5 other cases in support of this finding which refused to
28 allow ADA and Rehabilitation Act claims against individual
   defendants even in their official capacities).

13

1   Under Title II of the ADA, "no qualified individual with a

2   disability shall, by reason of such disability, be excluded from

3   participation or be denied the benefits of the services, programs

4   or activities of a public entity, or be subjected to

5   discrimination by any such entity." 42 U.S.C. § 12132.  By its

6   explicit language, Title II does not apply to a private

7   defendants like VMRC.  Plaintiffs note that private defendants

8   may be subject to injunctive relief under Title III of the ADA.

9   See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375

10  F.3d 861, 872-76 (9th Cir. 2004).  While the Court recognizes

11  that may be true, Plaintiffs have nonetheless failed to plead

12  facts sufficiently constituting a claim against VMRC under Title

13  III of the ADA.  Therefore, Defendant VMRC's Motion to Dismiss

14  Plaintiffs' Sixth Cause of Action against Private Defendants will

15  be granted pursuant to Rule 12(b)(6).

16

17      **D.   Failure to Prosecute**

18

19      As stated above, in determining whether to dismiss is

20  appropriate under Rule 41(b) for lack of prosecution, the Court

21  must weigh a variety of factors, including the public's interest

22  in expeditious resolution of litigation, the court's need to

23  manage its own docket, and the risk of prejudice to defendants

24  from undue delay against countervailing considerations like the

25  public policy favoring disposition of cases on their merits and

26  the availability of sanctions less drastic than complete

27  dismissal.  In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)

28  (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

14

1  Generally, the first two factors weigh in favor of dismissal,

2  while the fourth cuts against dismissal; therefore, the decision

3  comes down to the third and fifth factors; namely, whether

4  defendants have been prejudiced by the delay and whether resort

5  to less drastic options can be made.  See Wanderer v. Johnston,

6  910 F.2d 652, 656 (9th Cir. 1990).

7      If a plaintiff has come forth with an excuse for delay that

8  is anything but patently frivolous, the burden of proof shifts to

9  the defendant to show at least some actual prejudice.  In re

10 Eisen, 31 F.3d at 1453, citing Nealey v. Transportacion Maritima

11 Mexicana, S. A., 662 F.2d 1275, 1281 (9th Cir. 1980).

12      In considering the risk of prejudice to the defendants, an

13 unreasonable delay in prosecution creates a rebuttable

14 presumption of prejudice.  In re Eisen, 31 F.3d at 1453.  Here,

15 Defendants Miklusicak, ABC and Max claim that Plaintiffs waited

16 too long to reactivate this lawsuit, through the filing of the

17 FAC, after administrative proceedings had been completed.

18 Plaintiffs point to the fact, however, that the Court's June 8,

19 2007 Order staying this lawsuit pending such completion did not

20 specify a set time within which further action had to be taken.

21 Plaintiffs also claim they needed to measure the efficacy of

22 G.J.'s new placement and medical treatment before deciding how to

23 proceed.  The Court cannot say that these justifications, while

24 arguably weak, are completely frivolous, and absent that

25 determination the burden shifts to Defendants to show some actual

26 prejudice.  Defendants generally argue they were prejudiced by

27 the nearly year-long delay in prosecution but fail to note how

28 this alleged prejudice manifested itself in any meaningful way.

15

Given that failure, the risk of prejudice alone does not weigh in favor of dismissal.

Based on the strong policy favoring disposition of a case on its merits and a lack of proof that a delay in prosecution prejudiced the Defendants, Defendants' Rule 41(b) request for dismissal of this action is denied.

**E.   State Law Claims**

Although the discussion in the foregoing sections of this Memorandum and Order relates primarily to Plaintiffs' causes of action premised on alleged violations of federal law, as stated above the FAC also includes numerous state law claims, including assault and battery, negligence and intentional infliction of emotional distress.  In their Motions to Dismiss, the Private Defendants challenge those state law claims in several different ways.

First, all Private Defendants challenge the availability of attorney's fees as to the state-based claims on grounds that under California law, attorney's fees are not available in the absence of an applicable contractual agreement or statutory provision authorizing such an award.  See Cal. Code Civ. Proc. § 1021; Khajavi v. Feather River Anesthesia Medical Group, 84 Cal. App. 4th 32, 62-63 (2000).  Plaintiffs have conceded in their opposition papers to Defendants' Motions that no attorney's fees are in fact available as to the state law claims.

///

///

16

1  Consequently, Defendants' Motion to Strike Plaintiffs' request

2  for such fees in connection with the First, Second and Seventh

3  Claims for Relief,[7] as set forth in the prayer to the FAC, is

4  granted.

5      Defendants Miklusicak, ABC and Max further request that

6  Plaintiffs' request for punitive damages as to the Second, Third

7  and Fifth Claims (for negligence, violations of 42 U.S.C. § 1983,

8  and violations of § 504 of the Rehabilitation Act of 1973) be

9  stricken as improper.  Plaintiffs have failed to oppose that

10  request, either, in the face of authority cited by Defendants

11  that punitive damages as to those claims is improper.  See Ebaugh

12  v. Rabkin, 22 Cal. App. 2d 891 (1972) (punitive damages not

13  available for negligence claims); Nelson v. Giurbino, 395 F.

14  Supp. 2d 946, 956 (S.D. Cal. 2005) (punitive damages normally

15  inapplicable to § 1983 claims); Barnes v. Gorman, 536 U.S. 181,

16  189 (2002) (no punitive damages for § 504 claims).  Defendants'

17  Motions to Strike punitive damages from the prayers attendant to

18  the Second, Third and Fifth Claims are therefore also granted.

19  ///

20  ///

21  ///

22  ///

23  ///

24

25      [7] These claims are for Assault and Battery, Negligence, and
   Intentional Infliction of Emotional Distress, respectively.  The
26  Court notes that the caption to the FAC itself, as well as the
   prayer, refer to an additional claim for relief not found in the
27  body of the FAC.  Consequently, throughout this Order the Court
   relies on the proper claim numbering used within the body of the
28  FAC rather than on either the erroneous numbering set forth in
   the caption and prayer.

17

1    Defendants ABC, Max and Miklusicak also take issue with the

2  state law claims on statute of limitations grounds, claiming that

3  the FAC references facts going back to 2002, whereas the

4  limitations period applicable to Plaintiffs' claims for assault

5  and battery, negligence and intentional infliction of emotional

6  distress is two years under California Code of Civil Procedure

7  § 335.1.   Defendants accordingly argue that any conduct

8  predating January 16, 2005, or two years prior to the initial

9  filing of this lawsuit on January 16, 2007, is time barred.

10 Plaintiffs, on the other hand, contend that limitations period

11 may be subject to equitable tolling, a determination which cannot

12 be made on the face of the pleadings.  See Kiseskey v.

13 Carpenters' Trust for So. Cal., 144 Cal. App. 3d 222, 232 (1983)

14 (when a cause of action accrues is "a question of fact for the

15 trier of fact, not for determination at the [pleadings] stage").

16 Given the nature of G.J.'s disability, the Court agrees that some

17 of the conduct at issue may not have been immediately

18 discoverable.  A negligence cause of action does not accrue, for

19 example, until a plaintiff actually discovers his or her injury

20 and its negligent cause, or until the plaintiff could have

21 discovered such injury and cause through the exercise of

22 reasonable diligence.  See Siegel v. Anderson Homes, Inc., 118

23 Cal. App. 4th 994, 1013 (2004).  Consequently, the Court declines

24 to consider Defendants' limitation arguments at this juncture of

25 the lawsuit.

26 ///

27 ///

28 ///

18

1    Finally, while Defendants ABC and Max also urge the Court to
2  refrain from exercising its supplemental jurisdiction over the
3  state law claims in the absence of a viable federal claim, since
4  Plaintiffs will be afforded an opportunity to amend their FAC to
5  cure its pleading deficiencies, any action in that regard is
6  premature unless and until a final determination is made that
7  Plaintiffs have failed to plead a viable claim premised on
8  federal law against the Private Defendants.
9
10                            **CONCLUSION**
11
12    The Motions to Dismiss Plaintiffs' Third, Fourth, and Fifth
13  Causes of Action brought by Defendants ABC, VMRC, Max, and
14  Miklusicak are GRANTED with leave to amend pursuant to
15  Rule 12(b)(6).  Defendants VMRC's Motion to Dismiss Plaintiffs'
16  Sixth Cause of Action is GRANTED with leave to amend pursuant to
17  Rule 12(b)(6).  The request for dismissal under Rule 41(b) made
18  by Defendants ABC, Max, and Miklusicak for failure to prosecute
19  is DENIED.  In addition, Defendants' Motions to Strike the
20  attorney's fee claims from the First, Second and Seventh Claims
21  are GRANTED.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  Finally, the Motions to Strike punitive damages from the Second,

2  Third and Fifth Claims are also GRANTED.[8]

3      Plaintiffs may file an amended complaint, should they choose

4  to do so, not later than twenty (20) days following the date of

5  this order.

6      IT IS SO ORDERED.

7  Dated: October 28, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[8] While the Court notes that Defendant Miklusicak has also requested that the entire FAC be stricken on grounds that Plaintiffs did not properly request leave to amend their complaint after administrative proceedings were concluded, the Court declines to do so.  While Plaintiffs arguably should have filed a Notice with the Court asking that its stay order be lifted given exhaustion of the applicable administrative remedies, and then sought leave to file an Amended Complaint given that exhaustion, Plaintiffs instead streamlined the process by simply filing an amended pleading accomplishing both objectives.  The Court believes it would be unjust to dismiss the FAC in its entirety under those circumstances.