UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---oo0oo---

G.J. McELROY, a Minor, by and through his Parents and Guardians ad litem, GEORGE McELROY and GIA McELROY,

    Plaintiffs,

  v.

TRACY UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. 2:07-cv-00086-MCE-EFB

MEMORANDUM AND ORDER

---oo0oo---

    Plaintiffs G.J. McElroy ("G.J."), a minor, along with his parents George and Gia McElroy (collectively "Plaintiffs"), bring this action against sixteen named defendants for claims arising under 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act or 1973, the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12132, and state law claims of assault and battery, negligence, and intentional infliction of emotional distress.

1

Presently before the Court are three different Motions to Dismiss brought on behalf of private entity Defendants in this matter, including 1) Applied Behavior Consultants ("ABC") and its employee Michelle Max; 2) Valley Mountain Regional Center ("VMRC") along with VMRC employees Tara Sizemore-Ayres and Jirii Sakata; and 3) Kristi Miklusicak (hereinafter collectively referred to as "Private Defendants" unless otherwise specified). Because they raise similar arguments, the Private Defendants' Motions will be considered collectively below, with any difference between the three Motions noted as necessary.

**BACKGROUND**

According to Plaintiffs' Complaint, Defendants provided G.J., an eight-year old boy with Landau Kleffner's Syndrome,[1] educational care between 2002 and 2007 related to his special needs. Initially, the educational care was provided by various Defendants at G.J.'s residence. Plaintiffs claim that the home providers furnishing these services improperly grabbed, held, restrained and isolated G.J. during the special education sessions they provided.

G.J. eventually enrolled in public school for the 2005-2006 academic year, and was placed in the first grade at an elementary school within the boundaries of Defendant Tracy Unified School District.

---

[1] Defendants mistakenly believed that G.J. suffered from autism. Doctors have since diagnosed him with Landau Kleffner's Syndrome which results from "unbridled electrical activity" in the frontal lobe of the brain.

2

Plaintiffs allege that in March of 2006, G.J. was removed from his classroom and placed in a tent located within a barricaded portion of the school cafeteria. Defendants claimed the tent provided G.J. with a needed "soothing sensory environment." The following month, after discovering what had transpired in this regard, G.J.'s parents removed him from public school and sought injunctive relief. G.J. did not thereafter return to school, and received no further services from Defendants.

On January 14, 2007, Plaintiffs filed a Complaint with this Court, and on June 8, 2007 the action was stayed until Plaintiffs exhausted their administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). Approximately one month later, on July 6, 2007, Plaintiffs and Defendant Tracy Unified School District completed the administrative remedies available under the IDEA. Plaintiffs then filed a First Amended Complaint ("FAC") with this Court on April 14, 2008. The FAC contained seven causes of action for violation of 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), in addition to state law claims alleging assault and battery, negligence, and intentional infliction of emotional distress. Private Defendants challenged the FAC on numerous grounds, including Motions to Dismiss under Rule 12(b)(6). Those Motions resulted in the Court dismissing certain causes of action against the Private Defendants, without prejudice, by its Memorandum and Order dated October 29, 2008 (hereinafter referred to as "October 29 Order").

///

Plaintiffs then proceeded, on December 11, 2008, to file a Second Amended Complaint ("SAC") in an effort to rectify the deficiencies that were the subject of the previously filed Motions to Dismiss. In the SAC, Plaintiffs continue to name numerous Defendants, including both private and public entities.[2] All three Private Defendants then proceeded to file the Motions to Dismiss now before the Court, which are brought both pursuant to Rule 12(b)(6) and Rule 12(b)(1).[3] Private Defendants assert that Plaintiffs' most recent attempt to assert viable claims against them pursuant to 42 U.S.C § 1983 and § 504 of the Rehabilitation Act still fails. Additionally, in the absence of viable federal claims, Private Defendants urge the Court to decline to exercise supplemental jurisdiction over the remaining state law claims and to dismiss those claims under Rule 12(b)(1).

**STANDARD**

**A.    Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

///

---

[2] This Memorandum and Order is limited to the challenges mounted to the SAC by the Private Defendants.

[3] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

4

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Rule 12(b)(1)**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

**ANALYSIS**

**A.     Section 1983 Claim**

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must "demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law."
///

Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003)(citing West v. Atkins, 487 U.S. 42, 48 (1988)). Generally, private entities like moving Defendants herein are not liable under § 1983 unless they act under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). The fact that a private entity receives governmental funding, and has to comply with governmental regulation, is not enough, in and of itself, to constitute the action required to state a viable claim under § 1983. Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1341 (9th Cir. 1997), citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

In determining whether a private entity has acted under color of state law, federal courts have articulated four distinct tests: the "joint action" test, the "public function" test, the "nexus" test, the "symbiotic relationship" test. See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 296 (2001); Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002).

If the activities of a private entity or individual are "inextricably intertwined" with those of the government, the resulting interdependence makes both the public and private actors liable under the "joint action" test given their status as joint participants in the challenged activity. See Mathis v. Pac. Gas and Elec. Co., 75 F.3d 498, 503 (9th Cir. 1996); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989). Allegations of a conspiracy or substantial cooperation between actors is sufficient to show the requisite interdependence.

Brunette, 294 F.3d at 1211.  The private party must be a "willful participant" with the governmental agents in the unconstitutional behavior.  Dennis v. Sparks, 449 U.S. 24, 27 (1980); Brunette, 294 F.3d at 1211.  Simply acting like a governmental entity, however, is not sufficient to confer liability on a private entity when benefits do not flow directly to the State.  Symington, 51 F.3d at 1486.

Plaintiffs' SAC alleges in their Third Claim for Relief that the "Public Defendants", as well as Private Defendants Max, Sakata, and Miklusicak, violated the provisions of § 1983.  At paragraph 70, the Third Claim alleges that said defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J.", including "restraining, secluding and isolating" him, "erecting a pup tent in the school cafeteria barricaded by garbage cans", "failing to maintain a system of policies and procedures to ensure G.J.'s safety and well being at school and at home", and "allowing long and repeated episodes of head banging".  SAC, 18:7-24.  In addition to these factual allegations, the SAC further alleges that each Defendant's actions "occurred pursuant to the customs, policies, and usage as promulgated and implemented by each of the named public Defendants" (Id. at 17:18-20), and, at least with respect to erection of the pup tent, that "Defendants and each of them conspired and agreed" to place G.J. in an environment akin to that of a "circus side show."  Id. at 6:8-15.  Finally, with respect to both Max, Sakata and Miklusicak, the SAC specifically alleges that they had direct knowledge of these circumstances.  Id. at ¶¶ 27, 32, and 34.

At least for purposes of a Motion to Dismiss under Rule 12(b)(6) for failure to state a viable claim, these allegations must be accepted as true and construed in the manner most favorable to Plaintiffs, even if recovery may ultimately be remote and unlikely. See Bell Atlantic Corp v. Twombly, 127 S.Ct. at 1965; Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Given that standard, the Court believes that the SAC does adequately plead a § 1983 claim against Private Defendants Max, Sakata, and Miklusicak under a "joint action" theory.[4] Given its conclusion that the pleading prerequisites for joint action have been satisfied, the Court need not address whether the remaining exceptions under the nexus, symbiotic relationship, and public function tests have also been met. Consequently, the Motions to Dismiss Plaintiffs' Third Claim, for violations of 42 U.S.C. § 1983, are denied as to Defendants Max, Sakata and Miklusicak.

Defendant VMRC also seeks to dismiss Plaintiffs' § 1983 claim, however, to the extent that the SAC includes VMRC as a Defendant to that claim. VMRC can only be deemed a Defendant to the Third Claim if it qualifies as a "Public Defendant" pursuant to the caption to that claim. As VMRC correctly notes, however, it has already been determined to be a Private Defendant in the Court's October 29 Order. Nonetheless, the SAC alleges, at paragraph 30, that VMRC is "a California governmental entity." SAC, 9:17-18. Plaintiffs apparently base that contention on the the argument that VMRC operates as a public benefit corporation.

---

[4] The Court further rejects the argument that the SAC fails to adhere to notice pleading requirements given the averments detailed above.

9

Plaintiffs provide no authority, however for the proposition that a public benefit corporation is chartered by, or works on behalf of the State. Consequently VMRC's Motion to Dismiss the Third Claim for Relief will be granted. Since the SAC does not attempt on its face to include VMRC as a Defendant to the § 1983 claim as a Private Defendant acting under color of state law (the caption to the Third Cause of Action references only Public Defendants and various individuals acting in their individual capacity), and claim in that regard is not properly before the Court at this time.

**B.     Section 504 Claim**

Section 504 of the Rehabilitation Act of 1973 ("§ 504") prohibits discrimination based on disability by "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Plaintiffs' § 504 claim, as presently constituted in the Fifth Claim for Relief, is pled only against the "Public Defendants". SAC, 20:4-9. Defendant VMRC has moved to dismiss any § 504 claim pled against it as a Public Defendant for the same reason it has requested dismissal of Plaintiff's § 1983 claim. That rationale is equally applicable to the Fifth Claim and mandates that said claim be dismissed along with the Third Claim for Relief.

///
///
///
///

**C. ADA Claim**

Plaintiffs name ABC, a Private Defendant in the SAC's Sixth Claim for Relief, for violation of the ADA. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. By its explicit language, Title II does not apply to a private defendant like the ABC.[5] Therefore, Defendant VMRC's Motion to Dismiss Plaintiffs' Sixth Cause of Action will be granted pursuant to Rule 12(b)(6).

**D. State Law Claims**

While the Private Defendants urge the Court under Rule 12(b)(1) to refrain from exercising its supplemental jurisdiction over the state law claims in the absence of a viable federal claim pled against them, as indicated above there are viable § 1983 claims pled against Private Defendants Max, Sakata and Miklusicak. Consequently, the argument that the court should refrain from asserting supplemental jurisdiction as to the state claims pled against those Defendants is now moot. With regard to the remaining Private Defendants, VMRC and ABC, both Max and Sakata are alleged to be employees of those Defendants.
///

---

[5] The Court has already determined ABC to be a private entity in its October 29 Order.

11

Given that status, and for purposes of judicial economy, convenience and fairness to the parties, the Court will exercise its discretion in retaining supplemental jurisdiction over the state law claims asserted against VMRC and ABC even in the absence of a currently viable federal claim against them. See Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

**G. Timeliness of Second Amended Complaint**

As a final matter, Private Defendants ABC and Max urge the Court to dismiss the entire SAC as untimely because it was filed on December 11, 2008, more than the prescribed 20 days following the Court's October 29 Order. Plaintiffs respond by admitting their error in this regard, but identifying as a mitigating factor the fact that additional and concurrently filed Motions to Dismiss filed on behalf of the Public Defendants were not resolved until nearly a month later, when the Court issued a second Memorandum and Order filed on November 21, 2008. Plaintiffs claim they waited until after the second Order was received in order to file only one additional amended pleading, and the Court accepts Plaintiffs' counsel contention that any oversight in that regard was reasonable under the circumstances. Hence the Court will refrain from striking the SAC as untimely.

///
///
///
///

**CONCLUSION**

The Motions to Dismiss the Third Claim for Relief contained within Plaintiffs' SAC, for violations of 42 U.S.C. § 1983 as to Private Defendants Max, Sakata, and Miklusicak, are DENIED. Defendant VMRC's Motion to Dismiss the Third Claim is GRANTED, with leave to amend. Defendant ABC's Motion to Dismiss Plaintiffs' Sixth Claim for Relief, for violation of the ADA, is also granted with leave to amend. The Court rejects Private Defendants' request, under Rule 12(b)(1), that is refrain from exercising supplemental jurisdiction over Plaintiffs' state law claims. Finally, the Court declines to strike the SAC as untimely.[6]

Plaintiffs are directed to file any amended complaint in accordance with the directives of this Memorandum and Order not later than twenty (20) days following the date said Memorandum and Order is electronically filed with the Court.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).