UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.J. McELROY, a Minor by and through his Parents and Guardians ad Litem, GEORGE McELROY and GIA McELROY,<br><br>        Plaintiff,<br><br>    v.<br><br>TRACY UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendant. | No. 2:07-cv-00086-MCE-EFB<br><br><br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Plaintiffs G.J. McElroy ("G.J."), a minor, along with his parents George and Gia McElroy (collectively "Plaintiffs"), bring this action against sixteen named Defendants for claims arising under 42 U.S.C. § 1983 ("§ 1983"), § 504 of the Rehabilitation Act or 1973 29 U.S.C. § 794 ("§ 504"), the Americans with Disabilities Act at 42 U.S.C. § 12132 ("ADA"), and state law claims for assault and battery, negligence, intentional infliction of emotional distress, and violations of the Unruh Civil Rights Act at California Civil Code § 51 ("the Unruh Act").

1

Plaintiffs' claims arise in the context of special education services provided to G.J., and range from claims against private entities and individuals, to allegations levied against Tracy Unified School District and its Board of Education ("TUSD"), the entity responsible for operating the public school where G.J. was eventually placed, and finally to allegations against the San Joaquin County Office of Education ("SJCOE"), which was charged with administering special education programs within the County, and the San Joaquin Local Plan Area 5 ("SELPA"), an entity entrusted with supervising the distribution of federal and statute funds necessary to operate special education programs and services.

Presently before the Court are two Motions to Dismiss brought on behalf of both TUSD and its administrators and specialists on the one hand, and SJCOE, SELPA and its director, Sandee Kludt, on the other. The Motions are brought, pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] on grounds that the complaint fails to state claims upon which relief can be granted. Because the two Motions raise similar arguments, they will be considered collectively below, with any differences noted as necessary.

///

///

///

///

///

---

[1] Unless otherwise noted, all further reference to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

# BACKGROUND

According to Plaintiffs' Complaint, Defendants provided G.J., an eight-year old boy with Landau Kleffner's Syndrome, educational care between 2002 and 2007 related to his special needs. Initially, the educational care was provided by various Defendants at G.J.'s residence. Plaintiffs claim that the home providers furnishing these services improperly grabbed, held, restrained and isolated G.J. during the special education sessions they provided.

G.J. eventually was mainstreamed into public school for the 2005-2006 academic year, and was enrolled in the first grade at the Louis Bohn Elementary School, a school within the boundaries of Defendant Tracy Unified School District.

According to Defendants, the negative challenges arising from G.J.'s behavioral challenges thereafter escalated to the point that the TUSD was forced to obtain an order from the San Joaquin County Superior Court changing G.J.'s educational placement to a more soothing sensory environment where his behavior could be better controlled.

Consequently, in March of 2006, G.J. was removed from his classroom and placed in a tent located within a barricaded portion of the school cafeteria. The following month, after discovering what had happened, G.J.'s parents removed him from public school and sought injunctive relief. G.J. did not thereafter return to school, and received no further services from Defendants.

///

On January 14, 2007, Plaintiffs filed a Complaint with this Court, and on June 8, 2007 the action was stayed until Plaintiffs exhausted their administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). Approximately one month later, on July 6, 2007, Plaintiffs and Defendant Tracy Unified School District completed the administrative remedies available under the IDEA. Plaintiffs then filed a First Amended Complaint ("FAC") with this Court on April 14, 2008. After Defendants filed two separate Motions to Dismiss, this Court issued an Order on November 21, 2008 ("November 21 Order") that dismissed the FAC without prejudice and granted leave to amend. On December 10, 2008, Plaintiffs filed a Second Amended Complaint ("SAC") that contains seven causes of action for violations of §§ 1983, 504 and the ADA, in addition to state law claims alleging assault and battery, negligence, intentional infliction of emotional distress, and violations of the Unruh Act.[2]

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] Plaintiffs' SAC named as a new Defendant Sriphanasannsa Vest, referred to in the SAC as "NEM." This Order does not purport to rule on any matters with respect to NEM because the record does not demonstrate that Defendant has been served with the complaint or otherwise appeared in the matter.

4

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a

short and plain statement of the claim showing that the pleader is

entitled to relief," in order to "give the defendant fair notice

of what the...claim is and the grounds upon which it rests."

Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957). While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to

provide the "grounds" of his "entitlement to relief" requires more

than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. Bell Atl. Corp. v.

Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal

citations and quotations omitted). Factual allegations must be

enough to raise a right to relief above the speculative level.

Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must

contain something more...than...a statement of facts that merely

creates a suspicion [of] a legally cognizable right of action").

        If the court grants a motion to dismiss a complaint, it must

then decide whether to grant leave to amend. The court should

"freely give[]" leave to amend when there is no "undue delay, bad

faith[,] dilatory motive on the part of the movant,...undue

prejudice to the opposing party by virtue of...the amendment,

[or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman

v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is

only denied when it is clear that the deficiencies of the

complaint cannot be cured by amendment. DeSoto v. Yellow Freight

Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.    Plaintiffs Still Fail to Allege Compliance with the California Tort Claims Act.**

This Court's November 21 Order dismissed Plaintiffs' state law claims for assault and battery, negligence, and intentional infliction of emotional distress because Plaintiffs failed to allege compliance with the California Tort Claims Act, California Government Code § 900, et seq. ("CTCA").  The CTCA requires a plaintiff suing a public entity to present the entity with a claim for damages prior to filing a complaint for damages.  Cal. Gov't Code §§ 910, 911.2.  The presentation requirement applies even when a plaintiff is seeking individual liability against a public employee for an act or omission committed in his or her official capacity.  Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (6th Dist. 1991) (imposing the CTCA presentation requirement on a plaintiff suing a public defender in his individual capacity even though the office was immune from liability); see also Garcia v. Adams, 2006 WL 403838 at *9 (E.D. Cal. 2006) (dismissing a complaint against a public employee for plaintiff's failure to serve the public entity employer).  The Plaintiffs' SAC does not allege compliance with the CTCA.  Accordingly, for a second time, Plaintiffs' failure to allege compliance with the CTCA requires dismissal of all state law claims.

Defendants request that the SAC be dismissed with prejudice because of Plaintiffs' repeated failure to plead compliance with the CTCA.  Generally, courts shall freely grant leave to amend after dismissal of a complaint.  Fed. R. Civ. P. 15(a).

6

A court faced with a request to deny leave to amend must consider (1) whether leave to amend would cause undue delay, (2) whether the plaintiff is acting with bad faith or a dilatory motive, (3) any undue prejudice to the opposing party, and (4) whether granting leave to amend would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). All of these factors are not of equal weight, and the Ninth Circuit has recognized that prejudice to the opposing party is the most important. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (1990). The Ninth Circuit has also stated that dismissal with prejudice is only appropriate if it is clear to the district court that the complaint could not be saved by amendment. <u>Eminence Capital, LLC v. Aspeon</u>, 316 F.3d 1048, 1052 (9th Cir. 2003); <u>see also</u> <u>McMullen v. Fluor Corp.</u>, 81 Fed. Appx. 197, 199 (9th Cir. 2003) (leave to amend should be granted so long as plaintiff offers in good faith to cure the deficiencies of the complaint).

Defendants argue that dismissal with prejudice is appropriate because Plaintiffs did not comply with the directive of the November 21 Order to allege compliance with the CTCA. (Mem. of P. & A. in Supp. of Mot. to Dismiss Pls.' Second Am. Compl. 5-6, Dec. 19, 2009 [hereinafter TUSD Motion]; Defendants San Joaquin County Office of Education et al. Mot. to Dismiss Second Am. Compl. 4-6, Dec. 22, 2008 [hereinafter SCJCOE Motion].) As a result, Defendants argue that the litigation has suffered from undue delay, and will further be delayed because they will assert their rights regarding compliance with the CTCA upon the filing of another amended complaint. (TUSD Motion 5-6.)
///

Defendants also claim that granting leave to amend will prejudice their case because further delay will result in "fading of memories" and "the potential inability to locate witnesses." (Reply Mem. of P. & A. in Supp. of Mot. to Dismiss Pls.' Second Am. Compl. 4, Apr. 9, 2009 [hereinafter TUSD Reply].)

Despite these strong reasons for dismissing without leave to amend, the Court declines to do so because Plaintiffs argue in their Opposition to the Motions to Dismiss that they have complied with the CTCA. (Pls.' Opposition to Defendants Tracy Unified School District et al. 8-12, Mar. 27, 2009 [hereinafter Opposition to TUSD Motion]; Pls.' Opposition to Defendants San Joaquin County Office of Education et al. 8-12, Mar. 27, 2009 [hereinafter Opposition to SJCOE Motion].) Plaintiffs assert that they actually and substantially complied with the CTCA when Plaintiffs presented a claim for damages to TUSD, the TUSD Board, SJCOE, SELPA, and various individual Defendants named in the SAC. (Opposition to TUSD Motion 4, 9; Opposition to SJCOE Motion 4, 9.) Plaintiffs also argue that the presentation of their claim was timely, and in any event would be entitled to relief from any violation of the CTCA's time requirements because physically and mentally disabled minors have greater leniency to file a late claim. (Opposition to TUSD Motion 10; Opposition to SJCOE Motion 10.)

Based on Plaintiffs' representations, it is not clear that the complaint cannot be saved if the Court grants leave to amend. Eminence Capital, LLC, 316 F.3d at 1052. Moreover, it appears that Plaintiffs submit in good faith that they have complied with the CTCA, and they request leave to amend to address this deficiency in their complaint. McMullen, 81 Fed. Appx. at 199.

Thus, even though this Court questions the glaring omission from Plaintiffs' SAC, especially when the November 21 Order specifically directed Plaintiffs to allege compliance with the CTCA, Plaintiffs will be granted one last opportunity to amend their complaint to allege compliance with the CTCA.

Accordingly, Plaintiffs' state law claims for assault and battery, negligence, intentional infliction of emotional distress, and violation of the Unruh Act are dismissed without prejudice. Plaintiffs are granted leave to amend their complaint to allege compliance with the CTCA in a manner consistent with the representations made in their Opposition Briefs. (Opposition to TUSD Motion 4-6, 8-12; Opposition to SJCOE Motion 4-6, 8-12.) If Plaintiffs continue to pursue their state law claims without making the requisite allegations in a third amended complaint, dismissal with prejudice will be justified.

## B. Defendants' Immunity Arguments Fail.

Defendants raise several arguments for immunity. All Defendants argue that the doctrine of sovereign immunity under the Eleventh Amendment requires dismissal. (SCJCOE Motion 4-6.) Defendants TUSD, Franco, Skulina, and Dopp also argue that the SAC should be dismissed under the doctrines of discretionary and qualified immunity. (TUSD Motion 11-14.) In the November 21 Order, this Court addressed the same arguments by Defendants, but did not issue a final determination with respect to discretionary and qualified immunity because of the inadequacies of the FAC. ///

In light of the new allegations by Plaintiffs, the Court now concludes that Defendants' Motions will be granted in part and denied in part.

### 1. Sovereign Immunity Under the Eleventh Amendment

The November 21 Order dismissed the causes of action for negligence, intentional infliction of emotional distress, and violations of §§ 1983 and 1988, against Defendants TUSD, SJCOE, and SELPA, on the basis that these Defendants were immune from liability under the Eleventh Amendment. (November 21 Order 22.) The same causes of action were dismissed against "the individually named Defendants to the extent they [were] sued in their official capacities." (Id.) Defendants now argue that Plaintiffs' claims should be dismissed because the SAC does not make allegations to hold the individually named Defendants liable in their individual capacities. (SJCOE Motion 4-5; TUSD Motion 10-11.) The November 21 Order found that Plaintiffs had failed to make such allegations in their FAC, and thus the question before the Court is whether Plaintiffs have made sufficient allegations in their SAC for purposes of imposing individual liability.

As an initial matter, it must be noted that Plaintiffs' SAC alleges negligence against "Public Defendants" and "Private Defendants," but these terms are not defined in the SAC. (SAC ¶ 57.) In Plaintiffs' Opposition to the Motions to Dismiss, Plaintiffs sought to clarify this language.

///

According to Plaintiffs, "Public Defendants" consist of TUSD, the TUSD Board, SJCOE, and SELPA; "Private Defendants" consist of Defendants Franco, Skulina, Hopple, Dopp and Kludt. (Opposition to SJCOE Motion 12; Opposition to TUSD Motion 12.) Because the November 21 Order dismissed the negligence claim against TUSD, SJCOE, and SELPA, Plaintiffs cannot maintain a negligence claim against the so-called "Public Defendants."[3] Thus, it is Plaintiffs' allegations against the "Private Defendants" that require further evaluation.

For their negligence cause of action, Plaintiffs' SAC alleges that "private Defendants breached their duty of care to G.J. by not adhering to proper and proven behavior modification techniques while repeatedly and singlehandedly restraining[,] isolating and secluding G.J. in ways that are illegal, forbidden and highly detrimental and dangerous to children." (SAC ¶ 58.) Moreover, it is alleged that each individual Defendant knew of allegedly unlawful treatment towards G.J., and that they failed to report these incidents. (SAC ¶ 59.)

For Plaintiffs § 1983 claim, Plaintiffs set forth more allegations. In the caption for this cause of action, each private Defendant is named in his or her "individual capacity." (SAC at p. 16.) Plaintiffs allege that each of the private Defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J.", including:

---

[3] Plaintiffs include the TUSD Board as a "public Defendant." To the extent Plaintiffs seek to impose liability on the TUSD Board, the claim fails for the same reason, namely that the TUSD Board is an entity of the state that is immune from liability under the Eleventh Amendment.

11

1. Permitting "MAX, NEM and RACHAEL, tutor G.J. alone when they should have known that a second person should have been present due to G.J.'s deteriorating condition;

        2. Restraining, secluding and isolating G.J. in small offices and other areas while at school;

        3. Erecting a pup tent in the school cafeteria barricaded by garbage cans, flimsy office partitions and cafeteria tables where G.J. was expected to spend the entirety of his school day;

        4. Demanding that G.J.'s parents not interfere (with the threat of losing the service provider) with tutoring sessions at home even when they heard screaming and crying;

        5. Failing to maintain a system of policies and procedures to ensure G.J's safety and well being at school and at home; and

        6. Allowing long and repeated episodes of head banging.

(SAC ¶ 70.)

Plaintiffs assert that, as a result of Defendants' acts and omissions, G.J. suffered severe and permanent physical, emotional and economic injury. Plaintiffs' allegations, as set forth above, are incorporated by reference to their causes of action for Unruh Act violations and Intentional Infliction of Emotional Distress.

It is clear that under the Eleventh Amendment Plaintiffs' new allegations cannot form the basis for liability against the "Private Defendants" in their official capacities. See Hafer v. Melo, 502 U.S. 21, 27 (1991). However, the Eleventh Amendment only bars suits against individuals when the cause of action is an action against the individual's office, or in other words an action against the state. Id. at 25.

///

///

12

Plaintiffs can bring the "Private Defendants" into federal court in their individual capacities for purposes of imposing individual liability for unlawful actions taken under the color of state law.  Id. at 28.  Indeed, Plaintiffs allege that the Private Defendants acted under color of state and/or federal law when they breached their duty to G.J. by creating and maintaining unsafe and unlawful conditions, and that the Private Defendants' acts and omissions were a direct and proximate cause of G.J.'s injury.  Thus, this is not a case where Plaintiffs are seeking to impose liability against the offices of the individually named Defendants.  As Hafer noted, it makes no difference that these individuals were acting within their scope of employment; rather, it is their actions taken under the color of law which creates the impetus for imposing individual liability.  Id. at 25.

Accordingly, for purposes of surviving a Motion to Dismiss, Plaintiffs allege valid state law claims for negligence, intentional infliction of emotional distress, and violations of the Unruh Act, as well as a federal law claim under § 1983. Plaintiffs are directed to submit an amended complaint that defines "Private Defendants" and "Public Defendants" in a manner consistent with their Opposition Briefs.  (Opposition to TUSD Motion 12; Opposition to SJCOE Motion 12.)  Based on the Court's November 21 Order, the amended complaint shall limit the allegations of liability under § 1983 and violations of state law to the "Private Defendants," and strike the allegation in paragraph 57 of the SAC that alleges liability against "Public Defendants" for negligence under state law.

///

Plaintiffs may, however, amend their complaint to preserve their federal claims against the "Public Defendants" under § 504 and the ADA. So long as Plaintiffs file an amended complaint with the proper definitions, the Court will allow the Second, Third, Fourth, and Seventh causes of action to proceed against the "Private Defendants" in their <u>individual</u> capacities.

### 2. Discretionary Immunity Under California Government Code § 820.2

This Court's November 21 Order reserved judgment on Defendants' claim to discretionary immunity. (November 21 Order 25-26.) In the instant Motion to Dismiss, Defendants TUSD and the TUSD Board, as well as individual Defendants Franco, Skulina, Flynn-Hopple, and Dopp renew their discretionary immunity argument. (TUSD Motion 11.) These Defendants argue that Plaintiffs' allegations seek to impose liability for actions that resulted from "a conscious exercise of choice." (<u>Id</u>. at 12.)

Discretionary immunity insulates a public employee from immunity "for injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. As the California Supreme Court has held, immunity under § 820.2 "is reserved for those '*basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" <u>Caldwell v. Montoya</u>, 10 Cal. 4th 972, 981 (1995)(emphasis in original).

///

Thus, discretionary immunity does not preclude a finding of liability for "'the ministerial implementation of ... basic policy.'" Ogborn v. City of Lancaster, 101 Cal. App. 4th 448, 461 (2d Dist. 2002). The California Supreme Court has explained that the critical distinction is "'between the 'planning' and 'operational' levels of decision making.'" Id. Thus, merely describing a public employee's act or omission as a product of choice does not necessarily mean that § 820.2 provide immunity from suit.

Accordingly, Defendants' discretionary immunity argument, which relies on the premise that the alleged unlawful acts or omissions involved an element of choice, must fail. Even though Defendants' conduct may have involved a "conscious exercise of choice," it is clear that "[a]lmost all acts involve some choice among alternatives, and that the statutory immunity thus cannot depend upon a literal or semantic parsing of the word 'discretion.'" Caldwell, 10 Cal. 4th at 981. The more pressing inquiry is whether Defendants' acts or omissions were the product of a basic policy decision made at the planning level of government.

Here, Plaintiffs' allegations in the SAC do not allege liability for decision that arose at the planning level. Rather, Plaintiffs allege that G.J. was subject to deliberate ridicule and humiliation, and suffered physical and emotional harm as a result of Defendants' acts and/or omissions.

///

///

///

15

Plaintiffs further allege that the individual Defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J.," including allowing G.J. to remain isolated and excluded in a pup tent "where he became a spectacle for his friends and classmates to see ...." (SAC ¶¶ 15, 70.) Moreover, Plaintiffs allege that Defendants "breached their duty of care to G.J. by not adhering to proper and proven behavior modification techniques while repeatedly and singlehandedly restraining[,] isolating and secluding G.J. in ways that are illegal, forbidden and highly detrimental and dangerous to children." (Opposition to TUSD Motion 15-16.) From the face of the SAC, these acts and/or omissions cannot be considered "basic policy decisions" to which judicial interference would be inappropriate. Caldwell, 10 Cal. 4th at 981.

To the extent that the dangerous conditions were in fact a result of a "basic policy decision," Defendants will have the opportunity to make that showing at a later point in the litigation. For purposes of a Motion to Dismiss, however, Plaintiffs state a valid claim. Additionally, Plaintiffs' allegations provide Defendants with "fair notice" of Plaintiffs' claims and adequate information to conduct further investigation into each private Defendants' level of involvement in the alleged unlawful acts or omissions that caused Plaintiffs' injuries. Accordingly, the Motion to Dismiss the SAC on the basis of discretionary immunity is denied.

///

///

///

### 3. Qualified Immunity

Defendants TUSD and the TUSD Board, as well as individual Defendants Franco, Skulina, Flynn-Hopple, and Dopp, also argue that the SAC is subject to dismissal under the doctrine of qualified immunity.  (TUSD Motion 13.)  The purpose of qualified immunity is to protect public officials from "undue interference with their duties and from potentially disabling threats of liability."  <u>Elder v. Holloway</u>, 510 U.S. 510, 514 (1984).  Like immunity under § 820.2, however, the concept of qualified immunity protects government officials performing discretionary functions, except with the qualification that the conduct at issue must not violate clearly established statutory or constitutional rights of which a reasonable person should have known.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

Defendants argue that qualified immunity applies here because Plaintiffs have not made allegations that Defendants were "'incompetent'" or otherwise "'knowingly violated the law.'" (TUSD Motion 14.)  A look at the face of the SAC leads to a contrary conclusion.  Plaintiffs allege that the individual defendants did not adhere "to proper and proven behavior modification techniques while repeatedly and singlehandly restraining[,] isolating and secluding G.J. in ways that are illegal, forbidden, and highly detrimental and dangerous to children."  (SAC ¶ 58.)  As discussed above, Plaintiffs also allege that Defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J...."  (SAC ¶ 70.)
///

17

These conditions included failing to maintain a system of policies and procedures to ensure G.J.'s safety and well-being, allowing long and repeated episodes of head banging, and isolating G.J. in a pup tent erected in the school cafeteria where G.J. was expected to spend his entire day.  At the least, a liberal reading of these allegations suggests that Defendants were incompetent or knew that their conduct would be unlawful. Accordingly, the Motion to Dismiss on this basis of qualified immunity is denied.

### C. Defendants' Argument that the SAC Does Not Satisfy Basic Pleading Requirements is Rejected.

Defendants argue that Plaintiffs' SAC does not satisfy "basic pleading requirements."  (SJCOE Motion 6; TUSD Motion 14.) The thrust of Defendants' argument appears to be that the SAC does not contain sufficient particularity showing individual involvement in G.J.'s allegedly unlawful treatment.

Defendant Kludt argues that "it is still not clear what [her] involvement was, if any, in the events described in the Plaintiff's general allegations."  (TUSD Motion 6.)  Defendant Kludt faults Plaintiffs for referring to the "enumerated defendants [that] restrained, secluded, and isolated plaintiff; erected a pup tent, made demands of plaintiff's parents not to interfere with plaintiff's education, and allowed plaintiff to bang his head against the floor."  (TUSD Motion 6.)  Defendant Kludt's argument fails, however, because it is premised on an incomplete reading of the SAC.

///

The SAC alleges that the private Defendants, which under Plaintiffs' proffered definition includes Defendant Kludt, breached their duty of care to G.J. by failing to adhere "to proper and proven behavior modification techniques while repeatedly and singlehandedly restraining[,] isolating and secluding G.J. in ways that are illegal, forbidden and highly detrimental and dangerous to children." (SAC ¶ 57.) While it is correct that this Court noted that it would be unlikely Defendant Kludt had any direct role in these actions in her capacity as Assistant Superintendent, Plaintiffs' allegations are not as limited in scope as Defendants purport. Indeed, the SAC alleges that the same Defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J...." Defendant's involvement in this allegedly unlawful conduct is supported by the allegation that Defendant Kludt had direct knowledge of such conduct in her capacity as Assistant Superintendent. (SAC ¶ 22.) Accordingly, the SAC may reasonably be read to allege that Defendant Kludt knew of the unreasonable conditions G.J. was subjected to and breached her duty of care towards G.J. by failing to take any corrective action. The Court finds these allegations to be sufficient to provide "fair notice" to Defendant Kludt of the charges brought against her in her individual capacity.

///
///
///
///
///

19

Defendants Franco, Skulina, Flynn-Hopple, and Dopp raise essentially the same argument. In characterizing Plaintiffs' SAC, they similarly omit the allegation that these Defendants did not adhere to proper behavior modification techniques, created and maintained unreasonably dangerous conditions, and failed to maintain a system of policies and procedures to maintain G.J's safety and well being. Accordingly, the Court rejects the arguments brought by Defendants to dismiss the SAC for failure to satisfy basic pleading requirements.

As discussed above, Defendants' other concern regarding the lack of precision in defining "Private Defendants" and "Public Defendants" can be addressed in an amended complaint. Once the class of "private Defendants" is properly defined according to Plaintiffs' Opposition Briefs, then Plaintiffs' allegations will be sufficient to satisfy the liberal pleading requirement of Rule 8(a).

## CONCLUSION

Defendants' Motions to Dismiss are hereby granted in part and denied in part.[4] Defendants' Motion to Dismiss for failure to allege compliance with the CTCA is GRANTED without prejudice. Plaintiffs are granted leave to amend to allege compliance with the CTCA in a manner consistent with Plaintiffs' representations to this Court in their Opposition Briefs to the instant motions.

---

[4] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

(Opposition to TUSD Motion 4-6, 8-12; Opposition to SJCOE Motion 4-6, 8-12.)

Defendants' Motion to Dismiss is GRANTED to the extent that the SAC alleges liability for the § 1983 and state law claims against the Defendants in their <u>official</u> capacities.  The Motions to Dismiss the § 1983 and state claims are, however, DENIED because those causes of action seek to impose individual liability.  Accordingly, all § 1983 claims and state law claims shall be construed as alleging <u>individual liability</u>, and thus Plaintiffs are instructed to file an amended pleading that removes the allegation of liability for "Public Defendants" in ¶ 57 of the SAC.  Plaintiffs are also instructed to file an amended complaint properly defining the terms "Private Defendants" and "Public Defendants" in a manner consistent with their Opposition Briefs. (Opposition to TUSD Motion 12; Opposition to SJCOE Motion 12.)

The Court DENIES the Motions to Dismiss on grounds of sovereign immunity under the Eleventh Amendment, discretionary immunity under § 820.2, and qualified immunity.

The Court rejects Defendants' argument that the SAC fails to meet basic pleading requirements to impose individual liability for § 1983 and state law claims.  Accordingly, the Motions to Dismiss on this basis are DENIED.

///

///

///

///

///

1    Plaintiffs are directed to file and serve a Third Amended
2  Complaint, should they choose to do so, not later than twenty
3  (20) days following the date this Memorandum and Order is
4  electronically filed with the Court.
5      IT IS SO ORDERED.\
6
   Dated: May 11, 2009
7
8
9                                    _____
                                     MORRISON C. ENGLAND, JR.
10                                   UNITED STATES DISTRICT JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28