UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| G.J. McELROY, a Minor, by and through his parents and Guardians ad litem, GEORGE McELROY and GIA McELROY,<br><br>       Plaintiff,<br><br>   v.<br><br>TRACY UNIFIED SCHOOL DISTRICT, et al.,<br><br>       Defendants. | NO. 2:07-cv-00086-MCE-EFB<br><br><br><br><br><br>MEMORANDUM AND ORDER |

Plaintiffs G.J. McElroy ("G.J."), a minor, along with his parents George and Gia McElroy (collectively "Plaintiffs"), bring this action against sixteen named defendants for claims arising under 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act or 1973, the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12132, and state law claims of assault and battery, negligence, and intentional infliction of emotional distress.

///

1

Presently before the Court is a Motion to Dismiss brought on behalf of private entity Defendants Valley Mountain Regional Center ("VMRC") and Tara Sizemore-Ayres ("Ayres").

**BACKGROUND**

According to Plaintiffs' Complaint, Defendants provided G.J., an eight-year old boy with Landau Kleffner's Syndrome,[1] educational care between 2002 and 2007 related to his special needs. Initially, the educational care was provided by various Defendants at G.J.'s residence. Plaintiffs claim that the home providers furnishing these services improperly grabbed, held, restrained and isolated G.J. during the special education sessions they provided.

G.J. eventually enrolled in public school for the 2005-2006 academic year, and was placed in the first grade at an elementary school within the boundaries of Defendant Tracy Unified School District.

Plaintiffs allege that in March of 2006, G.J. was removed from his classroom and placed in a tent located within a barricaded portion of the school cafeteria. Defendants claimed the tent provided G.J. with a needed "soothing sensory environment."

///
///

---

[1] Defendants mistakenly believed that G.J. suffered from autism. Doctors have since diagnosed him with Landau Kleffner Syndrome which results from "unbridled electrical activity in the frontal lobe of the brain.

2

The following month, after discovering what had transpired in this regard, G.J.'s parents removed him from public school and sought injunctive relief. G.J. did not thereafter return to school, and received no further services from Defendants.

On January 14, 2007, Plaintiffs filed a Complaint with this Court, and on June 8, 2007 the action was stayed until Plaintiffs exhausted their administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). Approximately one month later, on July 6, 2007, Plaintiffs and Defendant Tracy Unified School District completed the administrative remedies available under the IDEA. Plaintiffs then filed a First Amended Complaint ("FAC") with this Court on April 14, 2008. The FAC contained seven causes of action for violation of 42 U.S.C. § 1983, 42 U.S.C. § 1988, § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), in addition to state law claims alleging assault and battery, negligence, and intentional infliction of emotional distress. Private Defendants challenged the FAC on numerous grounds, including Motions to Dismiss under Rule 12(b)(6)[2]. Those Motions resulted in the Court dismissing certain causes of action against the Private Defendants, without prejudice, by its Memorandum and Order dated October 29, 2008 (hereinafter referred to as "October 29 Order").

///
///
///

---

[2] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1  Plaintiffs then proceeded, on December 11, 2008, to file a
2 Second Amended Complaint ("SAC") in an effort to rectify the
3 deficiencies that were the subject of the previously filed
4 Motions to Dismiss. In the SAC, Plaintiffs continue to name
5 numerous Defendants, including both private and public entities.
6 The SAC continued to identify VMRC as a Public Defendant and
7 therefore subject to 42 U.S.C. § 1983.  Private Defendants
8 challenged the SAC on numerous grounds, including Motions to
9 Dismiss under Rule 12(b)(6) and Rule 12(b)(1). VMRC filed a
10 Motion to Dismiss under Rule 12(b)(6). By its Memorandum and
11 Order dated May 11, 2009 (hereinafter referred to as "May 11th
12 Order"), the Court granted VMRC's Motion to Dismiss with leave to
13 amend.
14  On May 28, 2009, Plaintiff's filed their Third Amended
15 Complaint ("TAC" )in an effort to rectify the deficiencies that
16 were the subject of the previously filed Motions to Dismiss.  In
17 the TAC, Plaintiffs continue to name VMRC in their 42 U.S.C.
18 § 1983 Claim.  Additionally, they have now also named Ayres in
19 that claim.  VMRC and Ayres proceeded to file the Motion to
20 Dismiss now before the Court, which is brought pursuant to
21 Rule 12(b)(6), asserting that Plaintiff's TAC fails to bring a
22 viable claim against them pursuant to 42 U.S.C. § 1983.  VMRC and
23 Ayres ask the Court to dismiss Plaintiff's Third Claim on that
24 basis.
25 ///
26 ///
27 ///
28 ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

1    If the court grants a motion to dismiss a complaint, it must
2 then decide whether to grant leave to amend.  The court should
3 "freely give[]" leave to amend when there is no "undue delay, bad
4 faith[,] dilatory motive on the part of the movant,...undue
5 prejudice to the opposing party by virtue of...the amendment,
6 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
7 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
8 only denied when it is clear that the deficiencies of the
9 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
10 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

14    To state a cause of action under 42 U.S.C. § 1983, a
15 plaintiff must "demonstrate a deprivation of a right secured by
16 the Constitution or laws of the United States, and that the
17 defendant acted under color of state law.  Kirtley v. Rainey, 326
18 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S.
19 42, 48 (1988)).  Generally, private entities such as VMRC and
20 Ayres are not liable under § 1983 unless they act under color of
21 state law.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936
22 (1982).  The fact that a private entity receives governmental
23 funding, and has to comply with governmental regulation, is not
24 enough, in and of itself, to constitute the action required to
25 state a viable claim under § 1983.  Morse v. North Coast
26 Opportunities, Inc., 118 F.3d 1338, 1341 (9th Cir. 1997), citing
27 Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).
28 ///

6

In determining whether a private entity has acted under color of state law, federal courts have articulated four distinct tests: the "joint action" test, the "public function" test, the "nexus" test, the "symbiotic relationship" test. See Brantwood Acad. V. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 296 (2001); Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002).

If the activities of a private entity or individual are "inextricably intertwined" with those of the government, the resulting interdependence makes both the public and private actors liable under the "joint action" test given their status as joint participants in the challenged activity. See Mathis v. Pac. Gas and Elec. Co., 75 F.3d 498, 503 (9th Cir. 1996); Parks Sch. Of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989). Allegations of a conspiracy or substantial cooperation between actors is sufficient to show the requisite interdependence. Brunette, 294 F.3d at 1211. The private party must be a "willful participant" with the governmental agents in the unconstitutional behavior. Dennis v. Sparks, 449 U.S. 24, 27 (1980); Brunette, 294 F.3d at 1211. Simply acting like a governmental entity, however, is not sufficient to confer liability on a private entity when benefits do not flow directly to the State. Symington, 51 F.3d at 1486.

///
///
///
///

7

1    In its May 11 Order the Court granted VMRC's previous Motion
2 to Dismiss on grounds that Plaintiff's Third Cause of Action, as
3 articulated in the SAC, applied only to VMRC as a Public
4 Defendant, despite the Court's earlier determination that VMRC is
5 in fact a private entity. "Since the SAC does not attempt on its
6 face to include VMRC as a Defendant to the § 1983 claim as a
7 Private Defendant acting under color of state law any claim in
8 that regard is not properly before the court at this time."
9 May 11 Order, 10:3-10.
10    Plaintiffs' TAC adequately addresses this distinction.  VMRC
11 is no longer identified as a Public Defendant in the TAC, as it
12 had been in the SAC.  Instead, VMRC is specifically named along
13 with ABC, Play and the individually named Defendants.[3]
14 Plaintiffs no longer refer to VMRC as a California governmental
15 entity, but rather as a "California entity."  TAC, ¶ 30.
16    As the Court stated in its May 11 Order, VMRC's earlier
17 Motion to Dismiss was granted because, on its face, the SAC's
18 Third Cause of Action applied only to VMRC as a Public Defendant,
19 a description for which it did not qualify.  The TAC now
20 establishes that VMRC and Ayers are subject to private liability.
21 ///
22 ///
23 ///

---

[3] Given the caption of the Third Claim for Relief, when considered together with the charging allegations of the claim, the Court construes the term "Private Defendants" as used in Paragraphs 72-76 and 78 to refer to the individually named Defendants.  Since the complaint does not designate either VMRC, ABC, or PLAY as public entities that is the only construction making logical sense.

Plaintiffs' TAC alleges in their Third Claim for Relief that VMRC and Ayres violated provisions of § 1983. At Paragraph 76, the Third Claim alleges that said Defendants "created and maintained several unsafe, unreasonable and dangerous conditions for G.J.", including "restraining, secluding, and isolating" him, "erecting a pup tent in the school cafeteria barricaded by garbage cans", "failing to maintain a system of policies and procedures to ensure G.J.'s safety and well being at school and at home", and "allowing long and repeated episodes of head banging". TAC, 20:23-21:12. In addition to these factual allegations, the TAC further alleges that each Defendants' actions "occurred pursuant to the customs, policies, and usage as promulgated and implemented by [the Public Defendants]" (Id. at 20:4-6), and, at least with respect to erection of the pup tent, that "Defendants and each of them conspired and agreed to place G.J. in an environment akin to that of a "circus side show." Id. at 6:9-14. Finally, the TAC specifically alleges that VMRC and Ayres had direct knowledge of these circumstances. Id. at ¶¶ 30-31.

At least for purposes of a Motion to Dismiss under Rule 12(b)(6) for failure to state a viable claim, these allegations must be accepted as true and construed in the manner most favorable to Plaintiffs, even if recovery may ultimately be remote and unlikely. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965; Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

///
///

9

1  Given that standard, the Court believes that the TAC does
2  adequately plead a § 1983 claim against Private Defendants VMRC
3  and Ayres under a "joint action" theory.  Defendants' Motion to
4  Dismiss accordingly fails.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action is DENIED.[4]

IT IS SO ORDERED.

Dated: September 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument was not of material assistance the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

10